# IN THE MATTER OF THE ESTATE OF NATHAN SEARS, DECEASED.

*Wills—Construction of—Annuities—Legacies—R. S. 1898 Secs. 2815, 2767.*

S. a decedent, left all his property to his executors in trust for the following purposes: "1. To pay to my wife during her life such sums of money as my trustees may * * * think reasonable. * * * Said sums to be paid monthly, beginning at the date of my decease.

"2. To pay to my sister during her life * * * the sum of fifty dollars each month, beginning with the date of my decease.

"3. To pay to my nurse A. the sum of two hundred and fifty dollars as soon as there shall be sufficient moneys in their hands * * * as a gift."

*Held,* that the bequests to the wife and sister constituted annuities during the life of the legatee, commencing at testator's death, but the bequest to the nurse was a legacy which was not due until one year after testator's death.

*Held,* further, that it was the manifest intent of the testator that the legacy to the nurse should be paid only when money came into the hands of the executors which was not necessary to pay the debts and expenses of administration, and the monthly sums bequeathed to his wife and sister, as they became due

(Decided October 26, 1898.)

Appeal from the District Court Salt Lake County, Hon. Ogden Hiles, *Judge.*

The District Court entered judgment preferring a legacy to one Mary Anderson, over the annuity of appellant, sister of the deceased. *Reversed.*

*Messrs. Wilson & Willey,* for appellant.

18 Utah—13.

As to the amount of money on hand and the other principal facts in the case there is no controversy. The question at issue involves the construction of the will. It is provided by the will that Mrs. Liddle, appellant, should receive $50 a month and Mrs. Anderson was to receive altogether $250.

Even if these legatees were in the same class the appellant should be preferred over the respondent as we propose to show. But by reference to Sec. 2802 of the Revised Statutes it will be seen that Mrs. Liddle (a sister) comes under the third subdivision and Mrs. Anderson under the fifth subdivision, and that the former is an annuitant and the latter a general legatee.

No question of abatement arises or is contended for by the other side as we understand it, but if it should arise it is settled by Sec. 2809 Revised Statutes.

Respondent contends that appellant should not receive this one year's accumulated legacy before she receives all hers. But Sec. 2815 R. S. prescribes that annuities commence at the testator's death, while legacies are due and deliverable one year after his death.

The fact that the executors did not pay Mrs. Liddle monthly but deferred paying the annuity until the whole estate was settled as they might rightfully do when there was doubt as to the solvency of the estate, is not sufficient reason for imposing a further injury upon her by making her legacy subsequent and subordinate to that of respondent.

But there are other broader and less technical reasons which we submit are conclusive of this case. Even if appellant and appellee stood in the same class of legatees, under the will the former would be preferred. Sec. 2808 R. S.

More potent than any of these rules is the clear prefer-

ence which appears on the face of the will.   It is impossible to mistake the construction of the will from whatever point we view it, or to consider that the testator intended other than that his sister should be preferred over the respondent.

*Messrs. Stephens & Smith*, for respondent.

The only question to be decided in this case is what was the intention of the testator when he made his will.   The legacy to Mrs. Anderson was plain and explicit, and is as follows:

" 3d.   To pay to my nurse, Mary A. Anderson, the sum of $250, as soon as there shall be sufficient moneys in their hands, said $250 being intended by me as a gift to her for her faithful services during my late sickness, and in addition to compensation for such services."

There of course can be no doubt about the testator's right and power to make this bequest.

Our statute on the interpretation of wills, page 620 R. S., provides that the testator's intention governs, and says:   " A will is to be construed according to the intention of the testator.   Where his intention cannot have effect to its full extent it must have effect as far as possible."   Sec. 2767, Revised Statutes.

Both the legacy and the annuity have recourse to the general assets of the estate.   Sec. 2802, Revised Statutes.

Sec. 2807, R. S., provides, under the heading of " Property available for payment of legacies," that the property of the testator, except as otherwise provided by law, must be resorted to for the payment of legacies in the following order:

1st. The property which is expressly appropriated by the will for the payment of legacies.

The bequest says that this legacy is to be paid "as soon as there shall be sufficient money in their hands."

It is not to be postponed to anything, it is to be paid at once. The law, of course, postpones the payment of the legacy until after the payment of debts and expenses of administration, but if we construe the will as it was manifestly intended to be construed by the testator, no other postponement can be had; certainly not to an annuity which is to continue for life.

BARTCH, J.

In this case Maria Liddle, a legatee under the will of the deceased, has appealed from the decree of the court directing the executors to pay to Mary Anderson a legacy, provided for in the will, in preference to that of the appellant.

The only question of importance presented is, whether the decree is in accordance with the intention of the testator, at the time when the will was made. So far as material to this decision, the will provides, as follows: "First: I give, bequeath and devise to my executors hereinafter named, all the property, both real and personal, of which I may die possessed after the payment of my debts and the expenses of administration, in trust for the following purposes:

1. To pay to my wife Mellissa Sears, during her life, such sums of money as my said trustees may in their sound judgment and discretion think reasonable and sufficient for her maintenance having regard for her position and station in life. Said sums to be paid monthly, beginning at the date of my decease.

2. "To pay to my sister Maria Liddle during her life for the support of herself and her children living with her, the

sum of fifty dollars each month, beginning with the date of my decease.

3. "To pay to my nurse Mary A. Anderson, the sum of two hundred and fifty dollars as soon as there shall be sufficient moneys in their hands; said two hundred and fifty dollars being intended by me as a gift to her for her faithful services during my late sickness, and in addition to compensation for such services."

It will be observed that, after providing for the payment of his debts and the expenses of administration, the first provision is for his wife, and she shall be paid such sums monthly, as his executors or trustees in their sound discretion may think reasonable and sufficient for her maintenance, having regard for her station in life. Next, provision is made for the sister, who, for the support of herself and children, is to be paid $50 "each month, beginning with the date" of the testator's decease. Each of the foregoing bequests constitutes an annuity, to continue during the life of the legatee.

Having made provision for those, who upon the consideration of love and affection, had a *bona fide* and substantial claim upon his bounty, and thinking, doubtless, that he had ample means, and more than sufficient for their support and maintenance, the testator, provided for the gift to the nurse, which was to be paid as soon as the executors should have sufficient money in their hands. These legacies are all specific, and, if the estate had been sufficient to meet all the bequests of the testator, the executors, doubtless, would have experienced little difficulty in performing their trust. The record shows, however, that the estate, after payment of the debts of the testate, expenses of administration and a monthly allowance to the widow during administration, which lasted about a year, was well nigh exhausted; that after such

payments were made, although the value of the property of the estate was $49,311.62, but $617.87 remained; and that the sister and legatee of the deceased, Maria Liddle, has received nothing out of the estates although at the time of making the decree complained of, twelve months had elapsed since the death of the testate. It is apparent that all the legacies cannot be paid, and the question is, who is entitled to preference, under the terms of the will, as between the legatees to this controversy?

It seems clear that the testator himself indicated who should receive preference in such a contingency, for in disposing of his estate, he first provided for his wife. She is the first legatee named in the will, and this is what a man naturally would do in disposing of his property in contemplation of death, because, from the very nature of the marital relation, the wife's claims upon him, after payment of his debts, are paramount to all others, and because of the solemn duty which devolves upon a husband, by virtue of the marriage contract, to support and care for the wife — a duty which the husband, possessed of property, cannot fail to perform without doing violence to his own conscience. Next there is a provision for his sister and her children. This is also quite natural, because of the tender and affectionate feelings which usually exist between brother and sister. Then, after those, who are entitled to his first and highest consideration have been provided for, doubtless, under the apprehension that his property would warrant it, the testator made the bequest to the nurse, for her faithful service during his sickness. The language employed, however, does not imply and it cannot be presumed that the testator intended that this bequest to a stranger should, under any contingency, receive preference over those made to his wife and sister. Such a presumption would be opposed to the

natural feeling or affection which a man has for his wife and next of kin. The intention of the testator doubtless was that the legacy, to the nurse, should be paid as soon as money came into the hands of the executors which was not necessary for the purpose of paying his debts and expenses of administration, and the monthly sums bequeathed to his wife and sister, as they became due, and such intention must govern. R. S. 1898 Sec. 2767.

The bequest to his sister was an annuity, which commenced at the testator's death, while the bequest to the nurse was a legacy which was not due until one year after his death. R. S. 1898 Sec. 2815.

We are of the opinion that the bequest to the sister should be paid for a period of twelve months, the time of administration, and that the court erred in decreeing that the legacy of Mary A. Anderson should be paid in full forthwith.

The case must be reversed and the cause remanded, with directions to the court below to set aside its former decree, and enter a new one, in favor of Maria Liddle for $600, and in favor of Mary A. Anderson for any sum, not exceeding the amount of her legacy, remaining after payment of any balance of expenses of administration. The appellant to be awarded costs. It is so ordered.

ZANE, C. J. and MINER, J., concur.